Filed 7/28/26  Turicchi v. Quaid CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| R. SCOTT TURICCHI et al., | 2d Civ. No. B346952 |
| | (Super. Ct. No. 19CV06268) |
| Plaintiffs and Respondents, | (Santa Barbara County) |
| v. | |
| RANDALL QUAID et al., | |
| Defendants and Appellants. | |

Randall Quaid (Randy)[1] and Evgenia Quaid (Evi) appeal the judgment entered against them and in favor of R. Scott Turicchi and Lannette C. Turicchi on issues relating to real property in Santa Barbara.  We affirm.

FACTS AND PROCEDURAL HISTORY

In 1992, the Quaids sold the subject property to Bruce Berman and Nancy Berman.  In 2007, the Bermans sold the

---

[1] Due to shared surnames in this case, we use first names for ease of reference.  No disrespect is intended.

property to the Turicchis. The Turicchis have owned the property since then.

Beginning in 2010—nearly 20 years after selling the property to the Bermans—the Quaids asserted that Randy never signed a grant deed in favor of the Bermans, and that the Quaids were therefore the property's legal owners. In furtherance of this theory, the Quaids have traveled to the Turicchis' other home in Pasadena to confront them; informed the Archdiocese of Los Angeles that the Turicchis harbored pedophile priests at the property; informed the Turicchis' mortgage lender that they committed mortgage fraud; and posted numerous claims on social media that the Turicchis and/or the Bermans stole the property from the Quaids.

In September 2010, while the Turicchis were remodeling and away from the property, the Quaids gained access and squatted on the property. Lannette called law enforcement, and the Quaids were arrested and removed from the property. Because the Quaids publicized the property's street address, the Turicchis, concerned for their safety, changed the street number.

In 2019, the Turicchis filed a complaint against the Quaids alleging causes of action for quiet title, declaratory relief, and slander of title. In 2023, the trial court adjudicated the quiet title and declaratory relief claims in the Turicchis' favor.

After requesting a jury trial on the remaining slander of title claim, the Quaids failed to appear at the April 2025 trial. Although they received notice of the new trial date, the Quaids did not appear. After a two-day trial, the trial court ruled in the Turicchis' favor. In a subsequent statement of decision, the trial court found the Turicchis were the property's legal owners and the Quaids liable for slander of title, awarded the Turicchis

$3,502,347 in damages, and issued a permanent injunction barring the Quaids from claiming they own the property.

## DISCUSSION[2]

As the appellants, the Quaids bear the burden of affirmatively demonstrating error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "Whether legal or factual, no error warrants reversal unless the appellant can show injury from the error." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis." (*Id.* at pp. 286–287.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [they] want[] us to adopt." (*Id.* at p. 287.) It is not our role to develop the Quaids' legal theories or arguments on appeal. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Nor are we required to scour the appellate record on our own to find trial court error. (*Young v. Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1190.)

---

[2] The Quaids filed three motions to augment when they filed their reply brief, seeking to add 11 additional exhibits to the record. The motions are denied because the Quaids have not explained their delay in moving to augment the record with these exhibits. (See *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1.) They also do not establish that these exhibits were before the trial court, either when it ruled on the Turicchis' summary adjudication motion or during the trial. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

The Turicchis' motion to strike portions of the Quaids' appendix is denied.

The Quaids' briefing fails to include cogent legal arguments, legal analysis, and pertinent legal authority. Portions of the briefing are unintelligible. (See *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.) Thus, we may disregard the Quaids' arguments. (See *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 ["To the extent [a party] perfunctorily asserts other claims, without development . . . , they are not properly made, and are rejected on that basis"].) We are mindful that the Quaids appear in pro per, but that does not entitle them to special treatment. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) " 'A litigant has a right to act as his own attorney [citation] "but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded." ' " (*Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290.)

Notwithstanding the Quaids' failure to demonstrate error, we exercise our discretion to address their identifiable arguments below. (Cal. Rules of Court, rule 8.204(e)(2)(C).)

*Motion for summary adjudication*

The Quaids contend the trial court erred when it summarily adjudicated the cause of action to quiet title on the basis of adverse possession in the Turicchis' favor. We disagree.

"[A] motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) "To determine whether a triable issue of material fact exists, the court must consider all evidence laid out in the moving papers and all inferences reasonably deducible from the evidence." (*Jones v. Awad* (2019) 39 Cal.App.5th 1200, 1206.) A plaintiff

4

moving for summary judgment bears the burden of persuasion that each element of the cause of action has been proved, and that there is no defense to the cause of action. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

We review a grant of summary judgment de novo. (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336.) We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in their favor. (*Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 274.)

"To establish adverse possession, the claimant must prove: (1) possession under claim of right or color of title; (2) actual, open, and notorious occupation of the premises constituting reasonable notice to the true owner; (3) possession which is adverse and hostile to the true owner; (4) continuous possession for at least five years; and (5) payment of all taxes assessed against the property during the five-year period." (*Mehdizadeh v. Mincer* (1996) 46 Cal.App.4th 1296, 1305.) "Adverse possession under color of title is based on a written instrument, judgment, or decree which purports to convey real property but is for some reason defective." (*Aguayo v. Amaro* (2013) 213 Cal.App.4th 1102, 1110–1111.)

Here, the Turicchis presented undisputed material facts supporting they possessed the property under color of title. In evidence was the grant deed conveying title to the Turicchis. The Turicchis established they continually occupied and possessed the property for more than five years such that the Quaids would have had reasonable notice of their occupancy. The Turicchis also established that, during their possession, they used and improved the property, including by renovating the property and

paying all utilities and other service expenses associated with the property.  The Turicchis also established they paid property taxes levied and assessed against the property.  On this record, the Turicchis have met their burden of establishing their entitlement to judgment on their cause of action to quiet title based on a theory of adverse possession.

The record does not include the Quaids' opposition to the Turicchis' motion or any supporting documentation, such as a separate statement.  (Code Civ. Proc., § 437c, subd. (b)(3) [opposition to summary adjudication "shall include a separate statement"].)  Nor is the Quaids' answer to the operative pleading part of the record.  The absence of these documents prevents us from reviewing the arguments raised and purported evidence relied on in the Quaids' opposition.  This is complicated by the fact that, according to the court's ruling, the Quaids filed "multiple duplicate opposition documents . . . some filed on different dates, including multiple memoranda of points and authorities, multiple copies of the supporting declaration, multiple copies of the separate statement, and multiple copies of requests for judicial notice."

The Quaids bear the burden of providing an adequate record to support their contentions, and their failure to do so requires that the issue be resolved against them.  (*Blue Mountain Enterprises, LLC. v. Owen* (2022) 74 Cal.App.5th 537, 557; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [where the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed].)  Moreover, because the Quaids' opposition is not part of the record, we cannot assess whether their contentions on appeal were preserved.  "Evidentiary objections not made at the hearing shall be deemed waived."  (Code Civ. Proc., § 437c, subds. (b)(5), (d).)

Nonetheless, we address the Quaids' contentions. (Cal. Rules of Court, rule 8.163.)

The Quaids contend Randy's signature on the grant deed to the Bermans was forged, rendering it void. But even assuming this is true, it does not create a triable issue of fact. The concept of adverse possession under "color of title" is that the Turicchis have a good faith belief they hold title to the property based on the grant deed they received from the Bermans. (*Estate of Williams* (1977) 73 Cal.App.3d 141, 147.) That the Quaids allege the Bermans had no lawful title to transfer does not negate the Turicchis' claim. "The good faith of the occupant, in relying on a defective instrument, is a crucial element to establishing adverse possession based on color of title." (*Ibid*.) Thus, even assuming the deed from the Quaids to the Bermans was forged would not create a triable issue because it is the subsequent transfer of title from the Bermans to the Turicchis that supports their claim.

The Quaids also contend their entry onto the property in 2010 disrupted the period of adverse possession. But the Quaids do not dispute that immediately upon learning of their unpermitted entry, the Turicchis contacted law enforcement and had the Quaids removed from the property. Moreover, the Turicchis' temporary absence from the property does not equate to a lack of possession and ownership because they continued to treat the property as their own and hold it within their " 'exclusive control.' " (*Montgomery & Mullen Lumber Co. v. Quimby* (1912) 164 Cal. 250, 253.)

The Turicchis carried their burden to show they had lawful title to the property based on a theory of adverse possession. Because the Quaids fail to raise a triable issue, summary adjudication of the first cause of action was appropriate.

7

*Judgment*

The Quaids contend the trial court erred in ruling in the Turicchis' favor on their causes of action for quiet title[3] and slander of title, and in awarding damages and issuing a permanent injunction. No error has been shown.

In reviewing a judgment based on a statement of decision after a bench trial, we resolve any conflicts " ' " 'in support of the determination of the trial court decision.' " ' " (*Axis Surplus Ins. Co. v. Reinoso* (2012) 208 Cal.App.4th 181, 189.) Where an appellant contends the judgment is not supported by substantial evidence, we consider the evidence in the light most favorable to the prevailing party. (*Ibid*.) We do not reweigh the evidence and liberally construe findings of fact in support of the judgment. (*Ibid*.)

Substantial evidence must also support the issuance of a permanent injunction. (*Thompson v. 10,000 RV Sales, Inc.* (2005) 130 Cal.App.4th 950, 964.) "The trial court's decision to grant a permanent injunction rests within its sound discretion and will not be disturbed on appeal absent a showing of a clear abuse of discretion." (*Shapiro v. San Diego City Council* (2002) 96 Cal.App.4th 904, 912.)

Substantial evidence supports the trial court's findings on the Turicchis' quiet title claim. The grant deed transferring the

---

[3] As noted above, the trial court already found in the Turicchis' favor on their quiet title claim based on an adverse possession theory. At trial, the Turicchis argued that they acquired title to the property earlier than by adverse possession based on the 2007 grant deed from the Bermans in favor of the Turicchis.

property to the Turicchis was in evidence, and Lannette testified she and her husband purchased the property in 2007.

Numerous documents also evidenced the Quaids' 1992 sale of the property to the Bermans, including the grant deed transferring the property to them. Bruce Berman testified he purchased the property from the Quaids, and that he did not forge anyone's signature. The notary public who notarized the grant deed authenticated her signature, and testified she never notarized a document unless the person signing the document was in her presence. Other documents evidencing the Quaid-to-Berman sale included the escrow file, with documents signed by the Quaids, checks to pay off the Quaids' creditors, a check to the Quaids for the remainder of the sale proceeds, and recorded documents demonstrating the release of liens against the Quaids. Randy's brother Dennis Quaid also testified he loaned Randy money to purchase the property, and that he (Dennis) was repaid when the property was sold to the Bermans. Finally, the Turicchis introduced a real property schedule from the Quaids' 2002 bankruptcy filing, which omitted the property as an asset.

The Quaids again contend that the grant deed in favor of the Bermans was forged. They also assert the notary's signature is suspect, and that "the money trail" evidencing payoffs to their creditors was "fabricated." These contentions are forfeited because the Quaids did not appear at the trial, and therefore failed to make these assertions at the trial court level. They may not raise them for the first time on appeal. (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548.)

Substantial evidence also supports the trial court's finding on the Turicchis' slander of title claim. The elements of a slander

9

of title claim include "(1) publication, (2) absence of justification, (3) falsity, and (4) direct pecuniary loss." (*Seeley v. Seymour* (1987) 190 Cal.App.3d 844, 858.) The crux of a slander of title claim "is protection from injury to the salability of property [citations], which is ordinarily indicated by the loss of a particular sale, impaired marketability or depreciation in value [citations]." (*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC* (2012) 205 Cal.App.4th 999, 1030.)

At trial, the Turicchis introduced into evidence multiple social media posts from the Quaids outlining their claim that the Bermans stole the property from them and forged their signatures. The Turicchis' expert witness testified that thousands of individuals had viewed several of the Quaids' postings. Substantial evidence supports that the Quaids' claims were unjustified and false because they had not lived at the property for more than 30 years since the 1992 sale to the Bermans.

Also in evidence were the losses the Turicchis sustained due to the Quaids' actions, including difficulty selling the property and obtaining title insurance without resolution of the Quaids' competing ownership claim. The Turicchis outlined damages they would not have sustained had they been able to sell their home, including $655,778 in property taxes, $310,998 in homeowner's insurance, $368,569 in mortgage interest, $392,757 in maintenance and utility expenses, and $140,877 in security services. The Turicchis also offered evidence they incurred $1,633,368 in attorneys' fees and costs. Substantial evidence supported the trial court's award of damages in the amount of $3,502,347.

The Quaids contend the damages awarded to the Turicchis were improper.  But the Quaids did not appear at the trial to rebut the Turicchis' claimed damages, and any arguments they have are therefore forfeited.  (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264.)  The Quaids bear the burden of establishing the trial court erred in assessing damages and they have not met that burden here.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.)

Substantial evidence also supports the permanent injunction prohibiting the Quaids from maintaining that they own the property, the property was stolen from them, and the Turicchis are not the property owners; and from making threats against or threatening to damage the property and entering the property or adjacent structures thereto.  The evidence showed the Quaids' unrelenting attempts to deprive the Turicchis of a home that lawfully belongs to them.  The injunction is narrowly tailored to speech involving the Quaids' unlawful claim that they own the home.

The Quaids contend the injunction is an invalid and unsupported restriction on their right to free speech.  Again, because the Quaids could have raised these arguments at trial and did not, they are forfeited.  Regardless, the right to free speech is not absolute.  (*Near v. Minnesota* (1931) 283 U.S. 697, 708.)  Here, the injunction is restricted to speech concerning rightful ownership of the property—property that the trial court determined lawfully belongs to the Turicchis.

*The Quaids' other contentions*

The Quaids contend the trial court improperly denied their request to appear remotely for the jury trial they requested.  But the trial court noted the impossibility of conducting a jury trial

11

with a party appearing remotely.  Upon continuing the trial to April 2025, the court reminded the Quaids that the date was "absolute" and they were expected "to deal with and remedy any potential hindrances that might prevent them from coming to California" for trial.  The trial court exercised appropriate discretion in requiring the Quaids to appear in person, and in denying their request to continue the trial.  (Code Civ. Proc., § 367.75, subd. (b)(3).)

The Quaids also contend the trial court improperly conducted the trial without their participation.  But they do not provide any record citations demonstrating they lacked notice, and a proof of service indicates they were provided notice.  Instead, the record demonstrates the Quaids chose not to attend the trial.  When their motion to continue the trial was denied, Randy informed the court "we're not going to be there."

The Quaids contend their motion to disqualify the trial court judge should have been granted.  But a motion to disqualify a judge is not an appealable order; it is only reviewable by petition for writ of mandate.  (*Swift v. Superior Court* (2009) 172 Cal.App.4th 878, 882.)  And the Quaids filed a petition for writ of mandate in this court, which was denied in 2025.  The order denying the disqualification is not cognizable in this appeal.

Finally, the Quaids contend the trial court was biased against them, but the record does not reflect any bias.  To the extent the Quaids rely on rulings adverse to them to establish bias, a trial court's rulings against a party "do not establish a charge of judicial bias, especially when they are subject to review."  (*People v. Guerra* (2006) 37 Cal.4th 1067, 1112.)

12

DISPOSITION

The judgment is affirmed.  The Turicchis to recover their costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

Colleen K. Sterne, Judge

Superior Court County of Santa Barbara

_____

Randall Quaid and Evgenia Quaid, in pro. per., for Defendants and Appellants.

Rimon, Craig S. Granet; Lurie, Zepeda, Schmalz, Hogan & Martin and Andrew W. Zepeda for Plaintiffs and Respondents.